Frances **BILTON**, Individually, and as Representative of the Estate of Victor Bilton, and Next Friend of Roderick Bilton; Pamela Bilton and Kenneth Bilton, Appellants,

v.

**UNITED CAB COMPANY, INC., Appellee.**

No. 1–95–00917–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 3, 1997.

Rehearing Overruled June 6, 1997.

---

**1.** 573 S.W.2d 224 (Tex.Crim.App.1978).

**2.** *Id.* at 229.

**3.** *Ibid.*

Janette M. Brathwaite, Lonnie R. Knowles, Houston, for appellants.

Richard E. Griffin, Nick Turner, Fred A. Simpson, Lisa A. Powell, Houston, for appellee.

## OPINION

MIRABAL, Justice.

This is an appeal from a summary judgment in favor of the defendant in a negligence case. We affirm.

On March 23, 1992, Victor Bilton, while driving a taxicab leased from defendant Unit-

ed Cab Company, Inc., picked up two passengers who had flagged his taxicab outside a hotel in downtown Houston. The passengers robbed Bilton and killed him by shooting him twice in the head.

Plaintiffs [1] filed suit against the cab company under the Wrongful Death Act, Tex.Civ. Prac. & Rem.Code Ann. § 71.001 et seq., alleging defendant's negligence caused Bilton's death. Although stated in different ways, the substance of plaintiffs' complaint is that defendant had a duty to install bulletproof safety glass between the driver and passenger sections of the taxicab driven by Bilton on the day of his murder, and defendant's failure to do so was a proximate cause of Bilton's murder.

Defendant moved for summary judgment, asserting as grounds:

1. Bilton was an independent contractor and defendant therefore owed him no duty of care.

2. Defendant had no statutory or contractual duty to install in its cabs protective devices, including safety shields between the driver and passenger, and defendant complied with industry standards regarding safety equipment.

3. Even assuming defendant had a duty to provide a safety shield, defendant did not breach that duty because defendant offered the installation of a safety shield in its leased cabs at no cost, and Bilton always declined the offer; further, Bilton declined, in writing, a safety shield for the taxicab he was driving on the date of his death.

4. Defendants' acts or omissions were not a proximate cause of Bilton's death because defendant did not dispatch Bilton on the trip that led to his death; rather Bilton picked up "flaggers" on his own in violation of defendant's safety guidelines.

Plaintiffs filed a response to defendant's motion for summary judgment, supported by deposition excerpts and discovery responses. The trial court granted defendant's motion for summary judgment without specifying

---

1. Frances Bilton brought suit individually and as representative of the estate of her husband, Victor Bilton, and as next friend of Victor Bilton's minor child Roderick Bilton. Victor Bilton's two adult children, Pamela Bilton and Kenneth Bilton, are also plaintiffs.

which summary judgment ground it relied on for its ruling. Plaintiffs appeal.

■ We review the propriety of the summary judgment in accordance with the standard of review set out in *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). If any ground asserted as a basis for summary judgment is meritorious, we must affirm. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 378 (Tex.1993).

In point of error two, plaintiffs assert the trial court erred in granting summary judgment because defendant failed to establish, as a matter of law, that defendant did not breach its duty to Bilton.

For purposes of this opinion, we will assume that defendant, as lessor of the taxicab to Bilton, had a duty to provide Bilton proper equipment to perform his required work. We will also assume that it was foreseeable that Bilton could be the victim of criminal conduct in his job as a taxicab driver in Houston, Texas. In light of such assumptions, the controlling issue in this case is whether defendant established, as a matter of law, that it did not breach its duty when, on the night of Bilton's death, defendant leased Bilton a vehicle that did not have bulletproof safety glass installed between the driver and the passenger compartments.

The following evidence is uncontroverted:
—Bilton was an independent contractor who leased his taxicab from defendant. Bilton had driven United Cab Company taxicabs from October 1987 through March 1992.
—Since 1984, drivers of taxicabs leased from defendant have had the option of having a safety shield installed at no charge. Bilton at no time requested that a safety shield be installed in any cab he was driving during the approximately four and one-half year period in which he leased a cab from defendant.
—Some taxicab drivers disliked the bullet-resistant safety shields because they cut down on the drivers' personal conversations with their passengers and tips were reduced. Defendant purchased 50 bullet-resistant shields in 1984 for use by its drivers; out of that number, defendant still had approximately 20 on hand in 1994 due to lack of driver demand.

—The president of defendant, in an uncontroverted affidavit, stated: "I am familiar with the customs, standards and practices in the taxicab industry. I am also familiar with the regulations governing the taxicab industry. It is not customary or the standard practice for cab leasing companies to require their drivers to use safety shields absent legislation requiring the use of shields. Neither the State of Texas nor the City of Houston has ever had regulations in place which would require taxicab leasing companies to provide shields to their drivers. In fact, no taxicab leasing company in Houston, Texas has ever required their drivers to use safety shields. United Cab is the only taxicab leasing company in Houston, Texas which provides safety shields to its drivers at no cost."
—On March 17, 1992, the taxicab regularly driven by Bilton was being repaired, and Bilton checked out another cab, which is the cab he was driving at the time of his death. Bilton signed a receipt for the cab that states:

"I have been advised by management at United Cab Company, Inc., that a protective shield is available for my taxicab at no charge if I so desire one. I understand it is the wish of the management of United Cab Company, Inc. that I have a shield for my protection. I do not feel I need a shield in my taxicab."

As previously noted, all of the foregoing evidence is undisputed. It is plaintiffs' position that, in light of the foreseeability of the criminal conduct likely to be visited upon Bilton as a cab driver in Houston, defendant had a duty to install a protective safety shield on the vehicle Bilton leased from defendant, regardless of whether Bilton wanted one. Plaintiffs argue that the evidence raises a fact issue regarding whether defendant acted reasonably in view of defendant's knowledge of the risk of harm to Bilton.

■ Negligence consists of three essential elements: a legal duty owed by one person to another; a breach of that duty; and damages proximately resulting from the breach. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). The duty involved here is the duty to provide a lessee of a taxicab proper equipment to perform his job as a cab driver.

With respect to the element of breach of duty, the focus is on whether the defendant acted reasonably under the circumstances, which is usually an issue of fact for the jury. *Id.* at 309, 314. However, our summary judgment rule permits the granting of a summary judgment on the basis of uncontroverted testimonial evidence of an interested witness if that evidence is clear, positive and direct, otherwise free from contradictions and inconsistencies, and could have been readily controverted. *Casso v. Brand,* 776 S.W.2d 551, 558 (Tex.1989); TEX. R. CIV. P. 166a (c). Once the defendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934, 936–37 (Tex.1972).

In light of the established, uncontroverted facts (that Bilton was an independent contractor; that defendant offered to install safety glass at no charge and Bilton always declined the offer; that cab drivers have valid economic reasons for not wanting a shield separating them from their passengers; that few cab drivers have wanted the protective shields in their cabs; that there is no legislation or ordinance requiring protective shields, and no taxicab leasing company in Houston has ever required the use of protective shields; and that defendant is the only cab leasing company that provides safety shields to its drivers at no cost), we conclude the summary judgment evidence establishes that defendant acted reasonably under the circumstances, as a matter of law.

Accordingly, we overrule point of error two. Because lack of breach of duty was a valid ground for summary judgment, it is unnecessary to discuss the merits of plaintiffs' points of error attacking the other grounds for summary judgment, and we decline to do so.

We affirm the judgment.

Justices COHEN and ANDELL also sitting.